**STATE ex GUTTER v HAWLEY et**

Ohio Appeals, 2nd District, Franklin County.

No. 3467. Decided April 2nd, 1942.

Roy J. Stone, Columbus, for relator-appellee.

Thomas J. Herbert, Columbus, Atty. Gen., John P. Walsh, Columbus, Asst. Atty. Gen., for respondents-appellants.

OPINION

BY THE COURT:

The above-entitled cause is now being determined on relator's motion to dismiss respondents' appeal for the following assigned reasons:

1. The question presented is a moot one.

2. The judgment of the lower court could not be effective by reason of the fact that the permit upon which this proceeding was brought by appellee-defendants expired and the same situation pertains to this court.

The action was one in mandamus and originated in the Common Pleas Court of Franklin County. Relator's petition was filed November 15 and respondents' answer, November 26th. On January 30, 1942, the trial court made a finding and entry. On the same day respondents filed motion for new trial, which was overruled, and on the same day the judgment was entered, allowing the writ of mandamus as prayed for.

The relator in his petition sought the writ of mandamus against the respondents requiring them to rescind their revocation of a D-5 liquor permit previously granted relator, and further to require them to reinstate the aforesaid D-5 permit; that the unlawful revocation proceeding be set aside and that relator be restored to all his rights as a permit holder; and to all his former rights as the holder of the aforesaid D-5 permit.

The petition in substance averred that relator had been the holder of a valid D-5 permit, numbered 10,010, to sell beer, wine and intoxicating liquor, duly issued by the Department of Liquor Control for premises occupied by relator at 289 East Main Street, Columbus, Ohio, and that such permit had been issued on or about the 11th day of January, 1941; that he had continuously held such D-5 permit until the 27th day of September, 1941, at which time respondents ordered the revocation of said permit, notice of

which was given to relator by registered mail. The petition narrates the complaint, hearing and order, and further alleges that the action of the respondents was improper and unlawful and prays the court to so find and to issue its writ of mandamus, as heretofore stated.

It further appears from the applicable section of the Code that liquor permits are issued for a period of one year. It, therefore, follows that the permit sought to be reinstated in the instant case expired on January 11, 1942. It also appears from the transcript of docket and journal entries, together with the original papers, that the pleadings, and hearing and written opinion of the trial court preceded the expiration date of the D-5 permit. However, the journal entry through which the Court speaks, was not filed until January 30, 1942, or some nineteen days following the expiration date of said permit.

Relator-appellee's present motion to dismiss the appeal because the question is moot seems somewhat peculiar. If it be true that the controverted question is moot at this time, it must have been equally true that the question was moot at the time of the journalizing of the final entry in the trial court.

If we understand the brief of counsel correctly, this is conceded. We so reason from the arguments presented in the brief that the writ may not issue from the Common Pleas Court, even though the judgment of the Court so orders. and this because of the lapse of time.

We are not in accord with counsel for relator that the reinstatement of the D-5 permit was the sole and only issuable question presented through the pleadings. The prayer of the petition was much broader than this:

"That the relator be restored to all his rights as permit holder," etc.

It is quite true that no court could order the reinstatement of the liquor permit after its expiration date.

However, the Court in a proper case does have a right to restore to a relator all rights which he may have lost through an improper revocation of a liquor permit. The trial court so ordered in its judgment. This part of the judgment entry would be within the jurisdiction of the Court under proper facts.

It is quite true that that part of the judgment ordering the respondents to restore the D-5 permit was an improper order to be carried into the entry, even though it was improperly or unlawfully revoked.

It is our judgment that there remains a substantial controverted issue between the parties and that the motion to dismiss should not be granted.

Entry may be drawn accordingly.

GEIGER, PJ., BARNES & HORNBECK, JJ., concur.